IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| M. H.,<br>a minor child, by and through his<br>mother and legal guardian, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CAYLEE NOGGLE,<br>in her official capacity as Commissioner<br>of the Department of Community<br>Health,<br><br>    Defendant. | CIVIL ACTION FILE<br>NO. 1:15-CV-1427-TWT |

**OPINION AND ORDER**

This is a civil rights action. It is before the Court on the Plaintiffs' and Class Members' Motion for Permanent Injunctions [Doc. 412]. For the reasons set forth below, the Plaintiffs' and Class Members' Motion for Permanent Injunctions [Doc. 412] is GRANTED, with the terms of the injunctive relief ordered set forth in the Permanent Injunction Orders filed herewith as to each Plaintiff and Class Member who joined the motion.

**I.    Background**

On March 29, 2021, the Court entered an Order denying the Defendant's Motion for Partial Summary Judgment, [Doc. 312], and granting the Plaintiffs' Motion for Summary Judgment, [Doc. 314]. (Mar. 29, 2021 Order at 1). In particular,

the Court first held that the Defendant failed to give sufficient weight to a treating physician's determination of the amount of private duty, skilled nursing hours required when determining an eligible child's nursing hour needs under the Medicaid Act, on a class-wide basis. (*Id.* at 12-15). Second, the Court held that the Defendant imposed an unlawful "teach and wean" policy of teaching caregivers skilled nursing tasks and then weaning the child from skilled nursing hours that were originally considered necessary, in violation of the Medicaid Act. (*Id.* at 15-17). More specifically, the Court held that the determination as to whether private duty nursing services are "medically necessary" should be based on whether the services are medically necessary to correct or ameliorate an eligible child's condition, not on whether the child's caregiver is able to provide those services. (*Id.* at 17). Third, the Court held that the Plaintiffs' third claim, which challenged the Defendant's failure to consider a caregiver's capacity to provide services to his or her child in light of the caregiver's other responsibilities, to be moot based on its ruling that the teach and wean policy is unlawful. (*Id.* at 17-18).

Previously, the Court granted several preliminary injunctions as to each of Plaintiffs M.H., E.C., and C.C. ("Plaintiffs"), and as to Class members K.M., R.V., B.P., N.H., and E.P. ("Class Members"), enjoining the Defendant from reducing each child's skilled nursing hours below a certain amount, which differed as to each child. [*See, e.g.*, Docs. 166, 219, 266, 328, 378, 405, 411]. The Plaintiffs and Class Members now request permanent injunctions as to the same number of hours previously

2

approved in the recent preliminary injunctions. (Brief in Supp. of Mot. for Perm. Injunctions [Doc. 412-1] at 5-15).

## II.   Legal Standard

To obtain a permanent injunction, a plaintiff must demonstrate that: (1) he has suffered an irreparable injury; (2) the remedies available at law, including money damages, would not adequately compensate him for that injury; (3) considering the hardships suffered by both the plaintiffs and the defendant, an equitable remedy is warranted; and (4) the public interest would not be disserved should a permanent injunction issue. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). The decision whether to grant or deny permanent injunctive relief is within the discretion of the district court. *Id.*

The Medicaid Act mandates that states that participate in the Medicaid program provide early and periodic screening, diagnostic, and treatment ("EPSDT") services to Medicaid-eligible children under twenty-one years old. *See* 42 U.S.C. §§ 1396a(43) and 1396d(r). Under EPSDT, eligible children must receive all services and treatments covered by the Medicaid Act that are medically necessary "to correct or ameliorate" any physical and mental illnesses and conditions discovered during a screening. *See* 42 U.S.C. § 1396d(r)(5); *see also Moore v. Reese*, 637 F.3d 1220, 1235 (11th Cir. 2011). "[P]rivate duty nursing services" are included in these treatments and services under the Medicaid Act. *See* 42 U.S.C. § 1396d(a)(8).

However, the state Medicaid agency may place appropriate limits on private duty nursing services based on such criteria as medical necessity. 42 C.F.R.

§ 440.230(d). The state may review the medical necessity of the amount of private duty nursing services prescribed by the treating physician and make its own determination of medical necessity. *See Moore*, 637 F.3d at 1257. In cases where the amount of EPSDT services prescribed by a treating physician is disputed by the state, the Eleventh Circuit identifies "the pivotal issue" as whether the EPSDT services provided by the state are sufficient in amount to "reasonably achieve" a correction or amelioration of the plaintiff's condition. *Id.* at 1257-58.

## III. Discussion

The motion at issue addresses each Plaintiff and Class Member separately given the distinct nature of the injunctive relief requested, and the Court will do the same here to the extent practical. In their brief, the Plaintiffs and Class Members (collectively, "Movants") argue generally that the hours of private duty nursing services they seek are required to ameliorate their complex medical conditions and that they will be irreparably harmed if the injunctions are not granted. (Brief in Supp. of Mot. for Perm. Injunctions [Doc. 412-1] at 1-2).

In response, the Defendant appears to first argue that the Movants have not suffered an irreparable injury because the private duty nursing hours it approved were reasonable and medically necessary, asserting that the Movants' evidence does not show otherwise. (Def.'s Brief in Resp. to Mot. for Perm. Injunctions [Doc. 421] at 20-22). Second, the Defendant also asserts that Movants had an adequate remedy at law because they could have pursued an administrative review process through the Office of State Administrative Hearings. (*Id.* at 22-23). Third, the Defendant contends

that the Movants have not shown any adverse outcome or imminent injury if the Motion is not granted but that, in contrast, it will suffer "a loss of ability to manage the program and to control the amount, duration, and scope of nursing services" if the Motion is granted. (*Id.* at 23). Finally, the Defendant argues that granting permanent injunctive relief would disserve the public interest because "it would prevent the state from reducing nursing hours regardless of the opinions of its medical experts and would force taxpayers of this state to bear the cost for nursing care which is not medically necessary." (*Id.* at 24).[1]

### A. Plaintiff M.H.

Plaintiff M.H. requests that the Defendant be enjoined from providing him any less than 24 hours per day (totaling 168 hours per week) of private duty nursing services. (Brief in Supp. of Mot. for Perm. Injunctions at 6). The Court previously granted M.H. this relief in a preliminary injunction entered on September 14, 2021. [Doc. 405]. The Defendant argues that the previously approved 42 hours per week is reasonable and that M.H.'s request for 24 hours per day is not medically necessary, due in large part to his caretaker's "competen[ce] to provide care in activities of daily living, medication administration, suctioning, feeding, emergency protocols, and other areas." (Def.'s Brief in Resp. to Mot. for Perm. Injunctions at 8). Additionally,

---

[1] The Court has additionally read and considered the Movants' Reply in Support of their Motion for Permanent Injunctions [Doc. 430] but will not summarize it for the sake of brevity. The Movants also submitted declarations from their treating physicians essentially declaring that their private duty nursing needs have not diminished since the Court entered the preliminary injunctions. [*See* Docs. 412-2 through 412-6].

the Defendant argues that M.H.'s conditions are stable and that the medical evidence does not support a need for 24 hours of skilled nursing care per day. (*Id.* at 8-9).

### B. Plaintiff E.C.

Plaintiff E.C. requests an injunction preventing the Defendant from providing her any less than 20 hours per day (totaling 140 hours per week) of private duty nursing services. (Brief in Supp. of Mot. for Perm. Injunctions at 7). The Court previously granted E.C. this relief in a preliminary injunction entered on February 23, 2018. [Doc. 166]. The Defendant argues that E.C. requires only 56 hours of skilled nursing per week based on evidence showing she has not visited an emergency room due to her seizure disorder but has had several visits for other conditions, she no longer needs a BiPap machine but still uses a CPAP machine and supplemental oxygen, and her vitals have been stable. (Def.'s Brief in Resp. to Mot. for Perm. Injunctions at 11-12).

### C. Plaintiff C.C.

Plaintiff C.C. asks the Court to enjoin the Defendant from providing any less than 24 hours per day (totaling 168 hours per week) of private duty nursing services. (Brief in Supp. of Mot. for Perm. Injunctions at 7-8). The Court previously granted C.C. this relief in a preliminary injunction entered on September 20, 2021. [Doc. 411]. As to C.C., the Defendant notes that C.C. suffers from partial complex epilepsy but argues that the medical evidence showed no emergency room visits or 911 calls and no documented medical complications that justify 24 hours per day of private duty nursing services. (Def.'s Brief in Resp. to Mot. for Perm. Injunctions at 10-11).

### D. Class Member K.M.

Class Member K.M. moves for an injunction preventing the Defendant from providing her any less than 12 hours per day (totaling 84 hours per week) of private duty nursing services. (Brief in Supp. of Mot. for Perm. Injunctions at 9-10). The Court previously granted K.M. this relief in a preliminary injunction entered on February 25, 2019. [Doc. 219]. The Defendant argues that K.M. requires only 49 hours of skilled nursing services per week, asserting only that the evidence and declaration supporting K.M.'s request does not add any information not previously considered when the Defendant denied her request for 84 hours per week. (Def.'s Brief in Resp. to Mot. for Perm. Injunctions at 10-11).

### E. Class Member R.V.

Class Member R.V. asks the Court to enjoin the Defendant from providing him any less than 20 hours per day (totaling 140 hours per week) of private duty nursing services. (Brief in Supp. of Mot. for Perm. Injunctions at 10-11). The Court previously granted R.V. this relief in a preliminary injunction entered on February 25, 2019, and modified on December 5, 2019. [Docs. 215, 266]. In response, the Defendant again argues only that the medical evidence submitted in support of R.V.'s request does not include any information not previously considered by the Defendant when it determined that 84 hours per week were sufficient. (Def.'s Brief in Resp. to Mot. for Perm. Injunctions at 14-15).

### F. Class Member B.P.

Class Member B.P. moves for an injunction preventing the Defendant from any less than 24 hours per day (totaling 168 hours per week) of private duty nursing services. (Brief in Supp. of Mot. for Perm. Injunctions at 11-12). The Court previously granted B.P. this relief in a preliminary injunction entered on September 14, 2021. [Doc. 405]. The Defendant again argues that the medical evidence submitted in support of B.P.'s request does not include any information that it did not previously consider in reviewing B.P.'s reconsideration claim. (Def.'s Brief in Resp. to Mot. for Perm. Injunctions at 15-16).

### G. Class Member N.H.

Class Member N.H. requests that the Defendant be enjoined from providing her any less than 18 hours per day (totaling 126 hours per week of private duty nursing services. (Brief in Supp. of Mot. for Perm. Injunctions at 13-14). The Court previously granted N.H. this relief in a preliminary injunction entered on September 8, 2020. [Doc. 328]. As to N.H., the Defendant argues only that there is no medical evidence not previously considered that supports N.H.'s need for 18 hours of skilled nursing services per day. (Def.'s Brief in Resp. to Mot. for Perm. Injunctions at 16-17).

### H. Class Member E.P.

Class Member E.P. asks the Court to enjoin the Defendant from providing her any less than 14 hours per day (totaling 98 hours per week) of private duty nursing services. (Brief in Supp. of Mot. for Perm. Injunctions at 14-15). The Court previously

### F. Class Member B.P.

Class Member B.P. moves for an injunction preventing the Defendant from any less than 24 hours per day (totaling 168 hours per week) of private duty nursing services. (Brief in Supp. of Mot. for Perm. Injunctions at 11-12). The Court previously granted B.P. this relief in a preliminary injunction entered on September 14, 2021. [Doc. 405]. The Defendant again argues that the medical evidence submitted in support of B.P.'s request does not include any information that it did not previously consider in reviewing B.P.'s reconsideration claim. (Def.'s Brief in Resp. to Mot. for Perm. Injunctions at 15-16).

### G. Class Member N.H.

Class Member N.H. requests that the Defendant be enjoined from providing her any less than 18 hours per day (totaling 126 hours per week of private duty nursing services. (Brief in Supp. of Mot. for Perm. Injunctions at 13-14). The Court previously granted N.H. this relief in a preliminary injunction entered on September 8, 2020. [Doc. 328]. As to N.H., the Defendant argues only that there is no medical evidence not previously considered that supports N.H.'s need for 18 hours of skilled nursing services per day. (Def.'s Brief in Resp. to Mot. for Perm. Injunctions at 16-17).

### H. Class Member E.P.

Class Member E.P. asks the Court to enjoin the Defendant from providing her any less than 14 hours per day (totaling 98 hours per week) of private duty nursing services. (Brief in Supp. of Mot. for Perm. Injunctions at 14-15). The Court previously

granted E.P. this relief in a preliminary injunction entered on December 31, 2020. [Doc. 378]. The Defendant similarly argues as to E.P. that there is no medical evidence not previously considered that supports E.P.'s need for 14 hours of skilled nursing services per day. (Def.'s Brief in Resp. to Mot. for Perm. Injunctions at 15-16).

## I. Application of the Permanent Injunction Standard

As the bulk of the Defendant's arguments against the issuance of permanent injunctions concern all eight movants, the Court will address them together. First, the Defendant's contention that the Movants have not suffered (and will not suffer) an irreparable injury is without merit. The Defendant's argument is essentially that Movants have not suffered an irreparable injury because its determinations as to the appropriate number of private duty nursing hours for each Movant were reasonable. (*See* Def.'s Brief in Resp. to Mot. for Perm. Injunctions at 20-22). In actuality, the Court's preliminary injunctions prevented the Movants from suffering an irreparable injury. Had the Court not done so, there is little doubt that irreparable injury would have resulted, or that it will result in the future if permanent relief of the same nature is not granted. *See C.R. ex rel. Reed v. Noggle*, 559 F.Supp.3d 1323, 1342-43 (N.D. Ga Sept. 13, 2021) ("The denial of [medically] necessary care constitutes irreparable harm. . . . Should [the defendant] again use impermissibly narrow criteria to deny [the plaintiff] medically necessary EPSDT services, [the plaintiff] will likely suffer irreparable harm."). Here, the Court previously determined that the amount of private duty nursing services requested by each Movant was medically necessary in granting preliminary relief, and the Defendant has offered no evidence supportive of

a different determination other than arguing that its initial reduction of those services to fewer hours was reasonable and medically necessary. (*See* Def.'s Brief in Resp. to Mot. for Perm. Injunctions at 7-22). But the Court already rejected the Defendant's reasoning for making the initial reductions in granting preliminary injunctive relief, and the Defendant has not offered any grounds to reconsider that determination.

Second, the Movants have the better end of the argument as to the adequate legal remedies prong. *See eBay Inc.*, 547 U.S. at 391. As the Movants point out, money damages are not available to them against the Defendant, a state actor, under the Eleventh Amendment. *See Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dep't of Health and Rehab. Servs.*, 225 F.3d 1208, 1219-20 (11th Cir. 2000). Even so, money damages could not compensate them for the deterioration in their medical conditions that would likely result if they were denied the appropriate amount of private duty nursing hours. *See C.R. ex rel. Reed*, 559 F.Supp.3d at 1343. Plainly, the Defendant's argument that Movants could have chosen an administrative review process misses the mark. The permanent injunction standard considers whether the Movants have an adequate remedy at law, not an available administrative remedy. *See eBay Inc.*, 547 U.S. at 391. And to the extent the Defendant now argues for the first time that Movants should have pursued administrative relief instead, the argument is waived. *See Sapuppo v. Allstate Fla. Ins. Co.*, 739 F.3d 678, 681-83 (11th Cir. 2014).

Third, the Defendant's argument that, on balance, the "loss of control" of its program and increased cost to the taxpayers is a greater hardship than that suffered

by the Movants if the permanent injunctive relief is granted is unavailing. The injunctive relief being granted is limited to the eight Movants and does not extend to the entire Class. Additionally, the Defendant's concern about avoiding abuse of Medicaid services would only be a relevant consideration if the private duty nursing services Movants seek were not medically necessary. But, as explained previously, the Court has already determined that they are. Thus, taxpayers are not paying for any additional services beyond those that the Defendant is statutorily obligated to provide. *See* 42 U.S.C. §§ 1396a(43) and 1396d(r). On the other hand, as explained above, the Movants stand to suffer irreparable deterioration of their medical conditions if injunctive relief is not granted. The Court therefore concludes that the balance of hardships weighs in favor of granting permanent injunctive relief. *See eBay Inc.*, 547 U.S. at 391.

Finally, the public interest is undoubtedly served by enforcement of the Defendant's obligations under the Medicaid Act. *See C.R. ex rel. Reed*, 559 F.Supp.3d at 1343; *see also United States v. Alabama*, 691 F.3d 1269, 1301 (11th Cir. 2012) ("Frustration of federal statutes and prerogatives are not in the public interest."). In this case, the permanent injunctions will prevent the Defendant from arbitrarily reducing the Movants' private duty nursing hours in violation of its obligations under the Medicaid Act.

### IV.  Conclusion

For the reasons set forth above, the Plaintiffs' and Class Members' Motion for Permanent Injunctions [Doc. 412] is GRANTED. The terms of the injunctive relief

ordered are set forth in the Permanent Injunction Orders filed herewith as to each Plaintiff and Class Member who joined the motion. The Orders may be modified by further Order of this Court upon a showing by the Defendant of a change in medical necessity or other just cause.

SO ORDERED, this  12th  day of May, 2022.

_____
THOMAS W. THRASH, JR.
United States District Judge